UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEITH TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00932-RLY-MG |
| | ) | |
| INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON PLAINTIFF'S MOTIONS**

Pending before the Court are *pro se* Plaintiff Keith Turner's Motion for Electronic Notification Access, [Filing No. 10], Motion to Strike Damaging Misinformation from the Record, [Filing No. 12], Motion for Fair Case, [Filing No. 13], Motion for Reconsideration, [Filing No. 14], Motion to Stay Ruling on Motion to Reconsider, [Filing No. 15], and Emergency Motion to Rule, [Filing No. 17].

**I.   PLAINTIFF'S MOTION FOR ACCESS TO ELECTRONICALLY FILE**

In Mr. Turner's Motion for Electronic Notification Access, [Filing No. 10], Mr. Turner requests permission from the Court to receive electronically filed documents from the Court and the Defendant. The Court has previously denied Mr. Turner's request for electronic notification. [Filing No. 9.] The Court does not use email addresses for service, except through its Case Management/Electronic Filing System. That system does not generate email notifications to *pro se* litigants. Thus, the Court's orders to Mr. Turner will always be mailed to his mailing address. Mr. Turner is reminded that he must notify the Court of any change in his mailing address. Plaintiff's request for electronic notification of the Court's orders is **DENIED**.

## II.    PLAINTIFF'S MOTION TO STRIKE

Regarding Mr. Turner's Motion to Strike, [Filing No. 12], that motion is **DENIED.** The statement Mr. Turner alludes to in his motion is not a reference to Plaintiff himself, but a notice in a form order to those litigants who may be prisoners seeking leave to proceed without preparing the filing fee. Mr. Turner can be assured, however, that the Court acknowledges he is not an inmate for purposes of his claims.

## III.    PLAINTIFF'S MOTION FOR FAIR CASE

Mr. Turner's Motion for Fair Case, [Filing No. 13], reiterates his claims and requests compassion in this case. "Not only is the district court to view the *pro se* complaint with an understanding eye, but, while the court is not to become an advocate, it is incumbent on it to take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds." *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). It is the "well-established duty of the trial court to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration." *Id.* (quoting *Palmer v. City of Decatur*, 814 F.2d 426, 428-29 (7th Cir. 1987)). Mr. Turner is assured his claims will be given fair and meaningful consideration. Plaintiff's Motion for Fair Case is **DENIED as moot.**

## IV.    PLAINTIFF'S MOTION TO RECONSIDER

Mr. Turner's Motion to Reconsider, [Filing No. 14], requests the Court reconsider it's dismissal of the Complaint via Fed R. Civ. P. 60(b)(6). Plaintiff's Motion to Reconsider is **DENIED.**

Rule 60(b) authorizes relief from a court's judgment based on a variety of grounds, such as mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud. Rule 60(b)(6) adds a "catch-all" provision that allows relief for "any other reason justifying relief from

the operation of the judgment." Rule 60(b)(6) may be used to order relief from judgment only in "extraordinary circumstances" or where the judgment will cause "extreme and undue hardship." *See, e.g., DeWeerth v. Baldinger*, 38 F.3d 1266, 1272 (2nd Cir. 1994); *Cincinnati Ins. Co. v. Flanders Elec. Motor Service, Inc.*, 131 F.3d 625, 628 (7th Cir. 1997). The failure to raise all available legal theories does not justify relief under Rule 60(b)(6). *See Provident Sav. Bank v. Popovich*, 71 F.3d 696, 700 (7th Cir. 1995); *see also United States v. 7108 West Grand Ave., Chicago, Ill.*, 15 F.3d 632, 634-35 (7th Cir. 1994).

The Court evaluated Mr. Turner's Complaint and found that under the facts presented it could not grant relief. [Filing No. 11 at 4.] However, the Court provided Mr. Turner leave to file an amended complaint correcting the deficiencies by July 7, 2022. Mr. Turner has since filed an Amended Complaint, [Filing No. 16]. Mr. Turner is reminded that by proceeding *in forma pauperis*, the Court must screen every complaint filed, which includes his amended complaint. *See* 28 U.S.C. § 1915(e)(2)(B).

### V.     PLAINTIFF'S MOTION TO STAY RULING ON MOTION TO RECONSIDER

As the Court has ruled on Mr. Turner's Motion to Reconsider, [Filing No. 15], his Motion to Stay is **DENIED as moot.**

### VI.     PLAINTIFF'S EMERGENCY MOTION TO RULE

Lastly, Mr. Turner's Emergency Motion, [Filing No. 17], requests the Court rule upon his various pending motions. The Plaintiff's Emergency Motion to Rule is **DENIED as moot.**

### VII.     CONCLUSION

Having reviewed Plaintiff's motions, the Court rules as follows: (1) Motion for Electronic Notification Access, [10], is **DENIED;** (2) Motion to Strike Damaging Misinformation from the Record, [12] is **DENIED;** (3) Motion for Fair Case, [13], is **DENIED as moot;** (4) Motion for Reconsideration, [14], is DENIED; (5) Motion to Stay the

Ruling on Motion to Reconsider, [15], is **DENIED as moot;** (6) Emergency Motion to Rule, [17], is **DENIED as moot.** The Clerk is **DIRECTED** to send a copy of this Order and the Docket.

Date: 7/14/2022

*Mario Garcia*
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via U.S. Mail to:**

Mr. Keith Turner
275 Medical Dr.
3457
CARMEL, IN 46082